FILED: 4/1/15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-281-GHK (CWx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | *Erick Lina v. Barnes & Noble, Inc., et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order re:** Plaintiff's Motion to Remand [Dkt. 18]

This matter is before us on the above-captioned Motion.  We have considered the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument.  L.R. 7-15.  As the Parties are familiar with the facts, we will repeat them only as necessary.  Accordingly, we rule as follows.

**I.      Procedural and Factual Background**

On August 5, 2011, Plaintiff Erick Lina ("Plaintiff") filed this class action in state court.  (*See Lina v. Barnes & Noble, et al.*, 11-cv-7206-GHK (CWx).)  The proposed class is defined in relevant part as "[a]ll current and former California-based salaried 'Store Managers,' . . . who worked for Defendants within the State of California at any time during the period from four years preceding the filing of th[e] Complaint to final judgment."  (Compl. at ¶ 13.)  The Complaint contains two claims for violations of California Labor Code § 1194 and for violations of California Business and Professions Code § 17200, *et seq.*  The Complaint seeks damages for unpaid overtime wages, premium wages for missed meal and rest periods, unpaid minimum wages, unreimbursed necessary business-related expenses and costs, waiting time penalties, and damages for inaccurate wage statements based on a misclassification theory.

Defendants Barnes & Noble, Inc. and Barnes & Noble Booksellers, Inc. ("Defendants") filed their answer to the Complaint on August 30, 2011 and removed the action to this Court on the basis of CAFA on August 31, 2011.  Plaintiff filed a motion to remand, challenging the propriety of removal, arguing that Defendants had not proven that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence.  [11-cv-7206-GHK (CWx), Dkt. 9.]  On October 28, 2011, we remanded this action because, by solely relying on a single declaration that lacked foundation and failed to establish the declarant's personal knowledge as to the facts contained therein, "Defendants failed to set forth the underlying facts supporting their assertion that the amount in controversy exceeds $5,000,000."  [*Id.* at 4.]  On June, 13, 2012, the Ninth Circuit affirmed our remand order.  [*See* Dkt. 13 (concluding that we did not abuse our discretion in finding that the declaration lacked foundation or refusing to give Defendants the opportunity to cure the declaration's defects).]  On July 1, 2014, the state court denied

FILED: 4/1/15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-281-GHK (CWx) | | Date | April 1, 2015 |
|---|---|---|---|---|
| Title | *Erick Lina v. Barnes & Noble, Inc., et al.* | | | |

Plaintiff's Motion for Class Certification.  (Defendants' Notice of Removal ("NOR"), Ex. 9.)  On August 27, 2014, Plaintiff filed a notice of appeal regarding that decision.  (NOR, Ex. 10.)  This appeal is still pending.

      Defendants removed this case again on January 14, 2015, in light of the Supreme Court's December 15, 2014 decision in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), which they claim is inconsistent with the reasoning of our prior remand decision.  (NOR at 2.)  Plaintiff again moves to remand this action ("Motion"), on the grounds that (1) Defendants' second attempt at removal is untimely; (2) the state court's order denying class certification means that CAFA no longer applies; and (3) Defendants' amount in controversy calculation is based on "conjecture and speculation."  (Mot. at 1.)

## II.    Legal Standard

      CAFA provides that federal district courts have "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" there is minimum diversity between the parties.  28 U.S.C. § 1332(d)(2).  "[U]nder CAFA[,] the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam).  "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met."  *Id.* at 683.

## III.    Analysis

      Plaintiff first argues that Defendants' removal attempt is untimely because Defendants had the relevant "information in their possession years before" and no intervening change in pleading or newly discovered facts justifies removal at this time.  (Mot. at 8.)  Defendants counter that *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234 (9th Cir. 2014) (per curiam) provides that "a defendant who timely removed within thirty days after receipt of the complaint, but had his action remanded for failure to satisfy the amount-in-controversy requirement, can file a second notice of removal, even beyond CAFA's thirty-day time period, where a Supreme Court decision has overturned the basis for the trial court's first decision to remand."  (Opp'n at 12.)  We agree.  In *Rea*, a district court remanded a CAFA action based on the plaintiff's waiver of any damages over $4,999,999.99.  742 F.3d at 1236.  Later, the Supreme Court held in *Standard Fire Insurance Co. v. Knowles* that such waivers are ineffective and cannot defeat CAFA removal.  *Id.*  The defendant removed the action again the day after this decision came out, and the Ninth Circuit held that this second removal was timely because "the district court first remanded this case on grounds that subsequently became incorrect."  *Id.* at 1239 (internal quotation marks omitted) (further finding that "under the controlling law at the time Michaels received the complaint, it

FILED: 4/1/15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-281-GHK (CWx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | *Erick Lina v. Barnes & Noble, Inc., et al.* | | |

did not affirmatively reveal[ ] on its face the facts necessary for federal court jurisdiction, so the initial 30-day removal period was never triggered").[1]

But, even if *Rea* held as such, that does not mean there was "a relevant change of circumstances . . . justify[ing] reconsideration of a successive good faith petition for removal" in this case.  *See Rea*, 742 F.3d at 1238 (internal quotation marks omitted).  Defendants claim that *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) justifies this second removal attempt.  In that case, the district court remanded because the defendant failed to include evidence that the amount in controversy exceeded $5 million in its notice of removal.  *Id.* at 552.  The Supreme Court held that the remand was erroneous because the district court should have reviewed the defendant's later-submitted amount in controversy evidence.  *Id.* at 554.  This is because "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id.* at 553.  It is only "when a defendant's assertion of the amount in controversy is challenged" that "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Id.* at 554 (later reaffirming that "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's [amount in controversy] allegation").

Defendants argue that the *Dart Cherokee* decision has "since overturned [our] basis for the first remand" because it clarified that: (1) "there is no presumption against federal jurisdiction (a presumption on which this Court based its first remand order)" and (2) "if [a] plaintiff challenges [a] defendant's amount-in-controversy calculation, both sides must submit proof for the court to decide, by a preponderance of the evidence, whether the amount in controversy exceeds $5 million."  (Opp'n at 12.)  We disagree.

First, contrary to Defendants' arguments, *Dart Cherokee* did nothing to change the presumption against *federal jurisdiction*.  While the Court clarified that "no *antiremoval presumption* attends cases invoking CAFA" because Congress enacted the law "to facilitate adjudication of certain class actions in federal court," *see* 135 S. Ct. 547 (emphasis added), it did not change the long-held proposition that we are a "court[] of limited jurisdiction" and that the "burden of establishing the contrary rests upon the party asserting jurisdiction."  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 914 (11th Cir. 2014) (citing both *Kokkonen* and *Dart*

---

[1] As Defendants point out, all of the cases that Plaintiff cites to argue that a change in the CAFA removal standard cannot support another removal attempt, including *Allen v. UtiliQuest, LLC*, 2014 WL 94337 (N.D. Cal. Jan. 9, 2014), came out before *Rea*.  For example, in *Allen*, the court found that a change in "legal standard applicable to determining whether the removing party has met its burden of demonstrating jurisdiction under CAFA" was not a "new and different ground for removal."  2014 WL 94337, at *2.  This holding does not likely survive *Rea*.  *See Allen v. Wilson*, 2015 WL 846792, at *4 (C.D. Cal. Feb. 26, 2015) ("Recently [in *Rea*], the Ninth Circuit explained that a change in law rendering removable a previously non-removable case may trigger an additional thirty-day window during which the defendant may remove.").

FILED: 4/1/15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-281-GHK (CWx) | | Date | April 1, 2015 |
|---|---|---|---|---|
| Title | *Erick Lina v. Barnes & Noble, Inc., et al.* | | | |

*Cherokee* and stating that *Dart Cherokee* merely stands for the proposition that "we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions"). Our prior remand decision did not, as Defendants claim, rely on an incorrect presumption. Our only reference to any presumption can be found in the "Legal Standard" section of our Order, which states: "[h]ere, the Complaint does not allege a specific amount of damages. Therefore, to overcome the presumption against federal jurisdiction Defendants . . . must prove that the amount in controversy is over $5,000,000 by a preponderance of the evidence." [11-cv-7206-GHK (CWx), Dkt. 9 at 1.] This merely meant that Defendants, the party purporting to invoke jurisdiction, had the burden to establish it, which *Dart Cherokee* confirmed. *See* 135 S. Ct. at 554; *see also Ibarra v. Manheim Investments*, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) ("[I]f a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one.").

Second, we do not agree with Defendants' claim that we "remanded this case in the first instance without any actual challenge to Barnes & Noble's amount-in-controversy allegation and before weighing both sides' evidence." (Opp'n at 13.) As a preliminary mater, we do not believe that *Dart Cherokee* changed anything regarding the relevant procedure once a party challenges federal jurisdiction. *See Manibhadra, Inc. v. Aspen Ins. UK Ltd.*, 2014 WL 7246858, at *1-2 (D. Kan. Dec. 17, 2014) (concluding that, with respect to "the procedure when the plaintiff challenges the defendant's assertion of the amount in controversy[,] . . . *Dart* does not change established [] law"). The Court's statement that "when a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof" was derived from 28 U.S.C. § 1446, which was passed by Congress on February 11, 2011, before our first remand decision. *Dart Cherokee*, 135 S. Ct. at 554 (quoting § 1446(c)(2)(B) for the proposition that "removal . . . is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the [necessary] amount"). The relevant House Judiciary Committee Report merely states that "[d]iscovery *may* be taken with regard to [the jurisdictional threshold]. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies." H.R. Rep. No. 112-10, p. 16 (2011) (emphasis added).

Defendants claim that the *Dart Cherokee* Court's use of the phrase "both sides submit proof" means that both sides *must* submit proof of the amount of controversy now,[2] but the Ninth Circuit has made clear that this remains an open question. *See Ibarra*, 775 F.3d at 1199-1200 ("Plaintiffs contend, on the other hand, that plaintiffs' motion to remand need not include evidence and is allowed to 'be based on the fact that Defendant's evidence is insufficient to meet the burden of proof,' and that requiring plaintiffs to submit evidence first 'would fundamentally switch to plaintiffs the burden of defeating subject-matter jurisdiction.' The Supreme Court did not decide the procedure for each side to submit proof on remand, and here we need not decide the procedural issue, either."); *Unutoa v. Interstate Hotels & Resorts, Inc.*, 2015 WL 898512, at *2 (C.D. Cal. Mar. 3, 2015) ("While the Ninth

---

[2] *See* Opp'n at 3, 13.

FILED: 4/1/15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-281-GHK (CWx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | *Erick Lina v. Barnes & Noble, Inc., et al.* | | |

Circuit held that both parties are entitled to submit summary-judgment-style evidence regarding the propriety of removal, it declined to decide whether a plaintiff was required to submit evidence refuting the defendant's allegations and evidence of the amount in controversy in order to prevail on a motion to remand.").

     The crux of Defendants' second argument is that Plaintiff did not challenge their jurisdictional allegations in a manner that would have triggered their obligation to present evidence.  Thus, Defendants claim, we should not have remanded based on Defendants' failure to present sufficient evidence in support of removal.  We disagree.  As we noted in our Order, "Plaintiff challenge[d] the propriety of removal, arguing that Defendants have not proven that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence."  [*See* 11-cv-7206-GHK (CWx), Dkt. 9 at 2.] Plaintiff's challenge was premised on two grounds: "(1) Defendants ha[d] not supported their calculation of the amount in controversy with sufficient evidence;  and (2) Defendants' actual method of calculating the amount in controversy [wa]s significantly flawed."  [*See id.*]  Other post-*Dart Cherokee* courts have found that similar challenges are sufficient to trigger a defendant's evidentiary burden.  *See, e.g.*, *Ibarra*, 775 F.3d at 1195 (concluding that the "defendant's assertion of the amount in controversy [had been] challenged"); *Ibarra*, 13-cv-00857-CAB (BLMx) (S.D. Cal. Apr. 4, 2013), Dkt. 35 (characterizing challenge as "plaintiffs argue that defendants have not established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000"); *Leon v. Gordon Trucking, Inc.*, 2014 WL 7447701, at \*5 (C.D. Cal. Dec. 31, 2014) (concluding that because "Leon filed a motion to remand . . . Dart Cherokee makes clear that it was Gordon Trucking's burden to come forth with evidence establishing the amount in controversy.  As noted, it has failed to do so."); *Dudley*, 778 F.3d at 914-16 ("Dudley moved to remand the matter back to the state court, on the ground that . . . Lilly's amount-in-controversy allegations were based on 'speculation and conjecture.'. . .  Once Dudley contested Lilly's notice of removal about its amount-in-controversy allegations, Lilly responded with proffers in affidavit form.  It then fell to the district court to discern whether the amount in controversy had been established.").[3]

---

     [3] Defendants rely heavily on *Roa v. TS Staffing Servs., Inc.*, 2015 WL 300413 (C.D. Cal. Jan. 22, 2015) to support their removal arguments.  In *Roa*, Judge Wright denied the plaintiff's remand motion in part because the plaintiff did "not contest the allegations themselves, but instead contest[ed] TS Staffing's evidence in support of the allegations."  *Id.* at \*2 (further concluding that "[i]f TS Staffing was not required to submit evidence in support of its allegations, as *Dart Cherokee* teaches, then Roa's attack on the evidence is fallacious").  But, in that case, the plaintiff's sole argument in favor of remand was that it objected to a declaration attached to the notice of removal "on several evidentiary grounds and . . . [as a result,] no proper evidence [was] offered by Defendants for their basis of removal, and jurisdiction under CAFA must be denied."  *Id.* at \*1.  Here, in contrast, Plaintiff's jurisdictional challenge was not focused only on the inadequacy of Defendants' proffered declaration.  In any event, to the extent *Roa* can be said to support Defendants' questionable proposition, we respectfully decline to follow it for the reasons set forth herein.

FILED: 4/1/15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-281-GHK (CWx) | Date | April 1, 2015 |
|---|---|---|---|

| Title | *Erick Lina v. Barnes & Noble, Inc., et al.* |
|---|---|

We ultimately only reached the first portion of Plaintiff's jurisdictional challenge in our remand analysis.  After evaluating Defendants' proffered evidence and determining it lacked sufficient foundation to be admissible (a decision that was subsequently affirmed), we determined that Defendants had failed to meet their "burden of establishing that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence."  [*See* 11-cv-7206-GHK (CWx), Dkt. 9 at 4.]  This decision does not contravene *Dart Cherokee*.[4]  *Cf. Heartland-Mt. Airy of Cincinnati Oh, LLC v. Johnson*, 2015 WL 667682, at *5 (S.D. Ohio Feb. 17, 2015) (citing *Dart Cherokee* and remanding because, once challenged, the "[d]efendant's failure to submit any proof of the amount in controversy compels granting the motion to remand").  Because *Dart Cherokee* does not invalidate our prior remand ruling, Defendants' removal attempt is untimely.  We need not address Plaintiff's other arguments in support of remand.

**IV.    Conclusion**

In light of the foregoing discussion, Plaintiff's Motion is **GRANTED**.  This case is **REMANDED** to the court from which it was removed.

**IT IS SO ORDERED.**

--    :    --

Initials of Deputy Clerk            DG for Bea

---

[4] In fact, in allowing Defendants to supply facts missing from their NOR after their jurisdictional allegations were challenged, we followed the protocol outlined by the *Dart Cherokee* Court.  135 S. Ct. at 553 (stating that jurisdictional proof need not be submitted with the removal notice); *see also* 11-cv-7206-GHK (CWx), Dkt. 9 at 3 (concluding it was proper to consider a later-filed declaration in our remand analysis).  Defendants had a fair opportunity to provide sufficient evidence in support of their removal, and they failed to do so.  We decline to give them another bite at the apple.